IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JUAN PEREZ MASCURRO;
JOSE GUTIERREZ; GUILLERMO
LOPEZ; ELVIS RIVERA-VILLALTA;
ALEJANDRO VILLA-GARCIA; JUAN
QUINTERO-ZAZUETA; MONI FANNI
DEL ROSARIO; SANDY SALDANA;
FRANKLIN ALMONTE JIMENEZ;
JOSE REGALADO; SIRIO MEDINA;
ALEXIS VELASUEZ; JOSE NOE
HERRERA; JESUS HERNANEZ-
SALAZAR; MARCOS NAVARRO
PEREZ; JOSE GARCIA RODRIGUEZ;
JOSE TREGO; JESUS VERA VEGA;
JONATHAN MEJIA MIRANDA;
LUCIANO ORTIZ LOPEZ; CESAR
OCTAVIO DIAZ MORENO; JOSE
GUZMAN; FEDERICO MERCADO
CONTRERAS; and JOSE CARREON,

   Plaintiffs,

v.

THE GEO GROUP, INC.; TRACY
JOHNS, Warden; JESSICA M.
SHOCKLEY; ROGER B. PERRY;
FEDERAL BUREAU OF PRISONS;
BOP REGIONAL ADMINISTRATOR;
and BOP GENERAL COUNSEL,

   Defendants.

CIVIL ACTION NO.: CV513-079

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, who are currently housed at D. Ray James Prison in Folkston, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiffs filed a motion to

AO 72A
(Rev. 8/82)

proceed *in forma pauperis*. This Motion is **DENIED**. In addition, Plaintiffs filed a motion for class certification, which is also **DENIED**.

Prisoners proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

AO 72A
(Rev. 8/82)

Plaintiffs contend that they were subjected to disciplinary actions, which resulted in the loss of good conduct time credit. Plaintiffs seek to have the disciplinary sanctions against them declared void. Plaintiffs also seek monetary damages in an undisclosed amount.

In general, the distinction between claims which may be brought under <u>Bivens</u> and those which must be brought as habeas petitions is reasonably well settled. Claims in which federal prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being exposed to an excessive amount of force, are <u>Bivens</u> actions, not habeas actions. See, e.g., <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a <u>Bivens</u> claim. See, e.g., <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The remedy Plaintiffs seek—to have their disciplinary sanctions declared void—should be brought pursuant to 28 U.S.C. § 2241 and should be brought individually by each Plaintiff in an action filed by that Plaintiff.

To the extent Plaintiffs seek monetary damages, they are not entitled to their requested relief. The Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

AO 72A
(Rev. 8/82)

court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87. According to the Heck Court, "when a . . . prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original). The Supreme Court has applied the Heck analysis to claims made by prisoners challenging prison disciplinary actions. Hale v. Riggins, 154 F. App'x 782, 783 (11th Cir. 2005) (citing Edwards v. Balisok, 520 U.S. 641, 643-49 (1997)).[1] Unless and until Plaintiffs' disciplinary sanctions have been reversed or overturned, they cannot seek monetary damages for those sanctions.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiffs' Complaint be **DISMISSED** based on their failure to state a claim upon which relief may be granted.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 4th day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The Heck analysis is applicable to Bivens claims. Salazar v. United States Atty. Gen., 476 F. App'x 383, 385 (11th Cir. 2012) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995)).

4